■ THOMAS H. HYATT, JR., Appellant, v BONITA L. HYATT, Respondent. —Order, Supreme Court, New York County, entered on October 21, 1976, which, in part, vacated defendant's default in interposing an answer in her husband's action for divorce, vacated the judgment entered in that action, permitted defendant to serve an answer therein and directed that such action be placed on the contested calendar for trial, unanimously reversed, to the extent appealed from, on the law, on the facts and in the exercise of discretion, without costs and without disbursements and without prejudice to any further application defendant may choose to make on proper and adequate papers at Special Term. Defendant, while obviously represented by counsel, entered into a separation agreement on January 17, 1974, which agreement made no provision for her support and which gave custody of the infant children of the parties to plaintiff. She defaulted, by failing to file an answer in her husband's action for divorce which charged her with cruel and inhuman treatment, leading to the entry of a judgment therein on March 5, 1974. Subsequent to obtaining that divorce, plaintiff remarried and has had a child with his new wife. Defendant has never actually sought to vacate her default. Neither the order to show cause giving rise to the instant proceeding, which was apparently obtained in September, 1975, nor the confusing record compiled by both sides to this dispute thereafter, indicates any clearly expressed desire by defendant to vacate the judgment of divorce. In fact her affidavit in support of the order to show cause states that: "Your deponent * * * does not attack the propriety of the default judgment for divorce had as against her". And her attorney, at the hearing before the Referee, stated: "Basically the reason I did not specifically request the vacation of the judgment was the fact that Mr. Hyatt immediately or Dr. Hyatt immediately after the decree was handed down married. Now that would be asking too much in a sense." Nowhere in the present record is there any justification for the recommendation by the Referee and the action taken by Special Term to vacate defendant's default. This does not mean that defendant may not be able to fill in the many gaps appearing in the present record and supply an adequate excuse for her gross laches and neglect—but a strong factual showing will be necessary to justify vacatur at this late date. Something more than inaction or neglect by her attorney must be shown to move the court to exercise its discretion on defendant's behalf. One of the few conclusions that can be drawn from the present record, which raises more questions than it answers, is that defendant is not now, based thereon, entitled to vacate her default. Concur—Birns, J. P., Silverman, Evans and Capozzoli, JJ.

■ JOAN R. GREEN, Appellant, v JOSEPH A. GREEN, Respondent.—Judgment, Supreme Court, Bronx County, entered on January 7, 1977, and order of said court entered on December 13, 1976, unanimously affirmed for the reasons stated by DiFede, J., without costs and without disbursements. Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.